HEINDEL, Special Deputy Commissioner of Banking, Appellant, vs. BRAZEL, imp., Respondent.

*November 9—December 6, 1932.*

For the appellant there was a brief by *McDaniel & Olson* of Darlington, and oral argument by *F. E. Olson* and *C. F. McDaniel.*

For the respondent there was a brief by *W. A. Loveland* of Monticello and *Conley & Conley* of Darlington, and oral argument by *Mr. E. F. Conley* and *Mr. Loveland.*

FOWLER, J. We do not perceive that any useful purpose would be served by detailing the evidence. We have examined the record with utmost care. In our opinion the find-

ings of the trial court, except as to notification by the defendant Robert to the bank, are against the great weight and clear preponderance of the evidence. To us it appears that the defendants were for many years partners in farming operations. The bank's note record leaves no doubt that the $203.40 note was given for interest on a $3,390 note of which the $3,390 note sued on is a renewal, and that the former $3,390 note represents, through intermediate renewals, a renewal of a $3,000 note given by Brazel Brothers ostensibly as a renewal of notes theretofore given by Brazel Brothers while the defendants were partners and were carrying an account in the liquidating bank as Brazel Brothers, and prior to the time when, as the trial court found, Robert told the bank that he and Martin were through and he would not be responsible for Martin's acts thereafter. All the notes in the long series connected with the $3,390 note sued on, about fifty in number, were signed in the same way, "Brazel Bros. by M. Brazel."

It thus appears that during the time the transactions connected with the $3,390 note sued upon occurred until Robert made the said statement to the bank, the defendants were holding out to the bank that they were partners and that the several notes covered partnership loans. Ostensible partnership, when relied on, imposes the same obligations to third persons as actual partnership. Sec. 123.13, Stats. As Robert held out to the bank that Martin was his partner and authorized to act for the partnership, and the bank acted in reliance on the relation so held out, he was bound by all the transactions of Martin up to the time he notified the bank that he would be responsible no longer. The notification relieved him from liability on the notes executed by Martin after it was given, as disclaiming responsibility for Martin's acts would cover his act in renewing the note then outstanding, but it did not relieve him from liability on the outstanding note.

We are of opinion that the judgment should be reversed for a new trial with the privilege to the plaintiff to amend his complaint to declare on the $3,000 note outstanding at the time Robert notified the bank that he would not be responsible for Martin's future acts.

*By the Court.*—The judgment of the county court is reversed for further proceedings in accordance with the opinion.